# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PETTY, | Civil Action No. 3:19-cv-00025 |
| Plaintiff, | |
| | Chief United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| TED JOHNSON, JOHN WETZEL, ERIC TICE, | |
| Defendants. | |

## MEMORANDUM ORDER

Pro se plaintiff, Jason Petty, a former inmate at SCI-Somerset, filed a civil rights complaint in this Court on February 19, 2019 (ECF No. 1) while he was still incarcerated; he was granted leave to proceed in forma pauperis. (ECFNo. 11). On March 21, 2019, Plaintiff filed a notice of change of address which indicated he had been released and no longer resided at SCI-Somerset. The Complaint concerns alleged violations of civil rights pursuant to 42 U.S.C. § 1983 in the calculation of his sentence and parole term(s). In his Complaint Plaintiff names as defendants, who are being sued individually and in their official capacities: Ted Johnson, Chairman of the Pennsylvania Board of Probation and Parole; John Wetzel, Secretary of Corrections for the Pennsylvania Department of Corrections ("DOC"); and Eric Tice, Superintendent of SCI-Somerset.

On May 20, 2019, Defendants filed a Motion to Dismiss the Complaint (ECF No. 12) and a brief in support thereof. (ECF No. 13). By Order entered May 22, 2019, Plaintiff's response to the motion to dismiss was due by June 24, 2019. (ECF No. 14). This Order was sent to Plaintiff at his most recent address of record. On July 11, 2019, the Court then issued an Order to show

1

cause on or before July 25, 2019 why this action should not be dismissed with prejudice[1] for Plaintiff's failure to prosecute. (ECF No. 16).  To date, Plaintiff has failed to respond in any manner to the outstanding motion to dismiss and has not responded to the Order to show cause.

A plaintiff's failure to comply with court orders may constitute a failure to prosecute the action, rendering the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as adjudication on the merits.

Fed. R. Civ. P. 41(b).

By its plain terms, a district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) on motion of a defendant, for failure to comply with an order of the court. A federal court also has the inherent authority to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Mindek v. Rigatti,* 964 F.2d 1369 (3d Cir. 1992) (dismissal was appropriate response to deliberate defiance of court orders where district court judge determined that no other sanction would adequately insure future compliance). *See also Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("authority of a court to dismiss *sua sponte* for lack of

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c).  Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1).  Full consent of the parties has been given in this case.

prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link* 370 U.S. at 630–31).

In determining whether to dismiss an action for failure to prosecute, the court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994). These factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. *Poulis* does not, however, "provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed" by the Court of Appeals for the Third Circuit. *Mindek*, 964 F.2d at 1373.

Rather, the decision is committed to the sound discretion of the trial court, *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 230 (3d Cir. 1998), and a great deal of deference will be given the district court which is in the best position to weigh all of the *Poulis* factors and any other pertinent matters. *Mindek*, 964 F.2d at 1373 ("the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.").

Moreover, the Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and

"not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373; s*ee also Allen v. American Fed. of Gov't Emp.*, 317 Fed. Appx. 180, 181 (3d Cir. 2009) (district court did not abuse its discretion in dismissing complaint without explicitly weighing the *Poulis* factors when plaintiff failed to file an amended complaint as ordered by the court).

With the above principles as our guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1)     The extent of the party's personal responsibility.  The court notes that the plaintiff is proceeding *pro se*.  Hence, he bears sole responsibility for the failure to file any response to the motions to dismiss and failure to move the Court for yet more additional time or otherwise communicate with the Court.

(2)     Prejudice to the adversary. Plaintiff's failure to respond to Defendants' compelling dispositive motion obviously prejudices defendants, who remain in limbo and must continue to endure the uncertainty associated with this type of litigation. While the prejudice would not appear to be overwhelming, this factor weighs in Defendants' favor.

(3)     History of dilatoriness. Other than his failure to respond to the motion to dismiss and Show Cause order, there has not been much occasion for dilatoriness. Thus, this factor is not highly significant, although it certainly indicates that Plaintiff has lost interest in his action.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith. In the absence of any communication from Plaintiff or response to the dispositive motion, it is not possible to determine if the failure to respond was willful or in bad faith. Thus, this factor is a neutral consideration.

(5)     Effectiveness of sanctions other than dismissal.  If Plaintiff has in fact lost interest in pursuing his case, which would appear to be the case, it seems there is little else to do.  His

civil action has been challenged by a compelling motion to dismiss and briefs in support, and yet he has not responded to this real threat of dismissal.

(6) Meritoriousness of the claim or defense. Plaintiff faces some major obstacles in his lawsuit, including the Complaint lacks factual content to allow the court to draw reasonable inferences that defendants are liable for misconduct or to support the claims of constitutional violations, or that they were personally involved in the events, supervisory liability cannot attach under the circumstances as alleged, and declaratory relief cannot be ordered for past conduct.

At least four of the six *Poulis* factors weigh strongly in favor of dismissal and there are none that would favor additional delay.

For all the foregoing reasons, this action will be dismissed for failure to prosecute.

**AND NOW**, this 1st day of August, 2019,

**IT IS HEREBY ORDERED** that this action is hereby DISMISSED WITH PREJUDICE for Plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that the Motion to Dismiss the Complaint (ECF No. 12) is DISMISSED as moot.

BY THE COURT:

s/*Cynthia Reed Eddy*
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: JASON PETTY
232 Mary Street
Downingtown, PA 19335
(via U.S. First Class Mail)

Timothy P. Keating, Esq. (via ECF electronic notification)